MR. JUSTICE HUNT,
dissenting:
I dissent from the majority opinion and would hold that summary judgment was inappropriate. The plaintiff is entitled to show, after discovery, that material issues of fact remain.
The lower court granted summary judgment to defendant finding that Pack River owned 85% of the Thornock’s employers stock; Flathead Lumber Company, not Pack River, owned the equipment which injured Thornock; and that Thornock failed to counter defendant’s claim that defendant was not engaged in duties closely connected to Flathead Lumber Company.
I do not believe these stated findings are dispositive of the issues. An entity is not necessarily immune from tort liability to an employee of another entity that it controls for its own independent acts of negligence. It may be held liable under common law principles for any harm resulting from its own reckless conduct or negligence. Reynolds v. Burlington Northern, Inc. (Mont. 1980), [190 Mont. 383,] 621 P.2d 1028, 37 St.Rep. 1883; 30 A.L.R.4th 948.
This rule is not limited to the facts in Reynolds. A rainbow of factual scenarios may create such a duty. See 2A Larson, Workmen’s Compensation Law, Section 72.40; 30 A.L.R.4th 948 Workers’ Compensation Immunity As Extending to One Owning Controlling Interest In Employer Corporation.
Further, the fact that Thornock had received Workers’ Compensation benefits is not dispositive of the duties owed to him by Pack *530 River. Thornock is entitled to thoroughly discover facts to support his theories.
Discovery had not yet been completed by the parties. Two sets of plaintiff’s interrogatories to defendant which requested information about the interrelationship of Flathead Lumber Company and defendant Pack River, are unanswered. Two sets of requests J&íyarQduction of documents and a request for admission remained unanswered.
In its final order the trial court noted that Thornock did not counter Pack River’s claim that the defendants were not engaged in duties “closely-connected” to Flathead Lumber Company. The discovery method was the only method available to Thornock to show a “close connection” or to show other factors indicative of a duty owed to him since respondent was in possession of that information. He may have been able to establish the existence of a duty owed to him by Pack River had he been allowed to complete discovery.
I would hold that appellant is entitled to present his full case to the court after discovery is complete and would therefore reverse and remand this case with instructions to allow the parties to proceed with discovery.
MR. JUSTICE SHEEHY concurs in the foregoing dissent of MR. JUSTICE HUNT.